IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| GLENFORD WILLIAMS, | : | CIVIL NO. 3:13-CV-0798 |
|---|---|---|
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| MARY SABOL, *et al.*, | : | |
| | : | |
| Respondents | : | |

FILED
SCRANTON
OCT - 4 2013
PER ____
DEPUTY CLERK

## MEMORANDUM

Glenford Williams ("Williams"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on March 27, 2013, seeking release from ICE custody and requesting the entry of an Order staying removal pending final disposition of his direct appeal to the United States Court of Appeals for the Second Circuit.[1] (Doc. 1, ¶¶ 5, 7, 10.) For the reasons set forth below, the petition for writ of habeas corpus will be dismissed without prejudice.

I. **Immigration Proceedings**

Williams, a native and citizen of St. Kitts-Nevis was admitted to the United States at Champlain, New York on December 9, 1983, as an immigrant. (Doc. 4-1, at 12.) On

---

[1] Named as respondents are Warden Mary Sabol, Thomas Decker, ICE Field Office Director and Jack Morton, ICE Director. Because the only properly named respondent in a federal habeas corpus action is the Williams's custodial official, Warden Sabol will be deemed the sole respondent. See 28 U.S.C. § 2242.

September 22, 1989, he was convicted in the United States District Court for the District of Maine of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846 and to aid and abet the commission of those offenses in violation of 18 U.S.C. § 2. (Id.) As a result of these convictions, removal proceedings were initiated. On October 19, 1992, he was ordered removed to St Kitts-Nevis. (Id.) On September 13, 1996, he was removed from the United States. (Id.)

He illegally re-entered the United States at an unknown location and unknown date. (Doc. 4-1, at 12.) In 2010, ICE officials arrested approximately 100 persons in what was referred to as "Sweeps Week." United States v. Williams, No. 11-4826-cr, 2012 WL 5302635 *2 (2nd Cir. Sept. 23, 2013). Williams was among those arrested. Id. He was indicted in the United States District Court for the Southern District of New York and charged with illegal reentry in violation of 8 U.S.C. § 1326(a)(2) and (b)(2). Id. A bench trial was conducted on September 20, 2011, at which time Williams was found guilty of illegal reentry pursuant to 8 U.S.C. § 1326(a)(2) and (b)(2). Id. at *3. On November 10, 2011, he was sentenced to twenty-four months imprisonment. Id. On February 24, 2012, while serving his sentence, ICE issued a "Notice of Intent/Decision to Reinstate Prior Order" pursuant to § 241(a)(5) of the Immigration and Nationality Act ("INA"). (Doc. 4-1, at 12.) Williams appealed the conviction and, on September 23, 2013, the United States Court of Appeals for the Second Circuit affirmed the conviction in United States v. Williams, No. 11-4826-cr, 2012 WL 5302635 *2 (2nd Cir. Sept. 23, 2013).

On August 10, 2012, Williams came into ICE custody after service of his federal sentence. (Doc. 4-1, at 12.) His first custody status review took place in November 2012 and, on November 16, 2012, Williams was notified of the following:

> Presently, you have a Reasonable Fear case pending with the Newark Asylum Office and also have a Reinstated Prior Order of Removal. Therefore, you pose a flight risk. You have demonstrated your disregard for the laws of the U.S. by your illegal re-entry and your criminal convictions.
>
> Upon adjudication of the pending Reasonable Fear case, you will be referred either to the Immigration Judge or your Deportation Officer for removal.
>
> Based on the above, you are to remain in custody pending a determination by Citizenship and Immigration Services with regard to your asylum claim. If your asylum claim has not been determined within one year, you will be scheduled for a Post-Order Custody Review (POCR) and served with a Notice to Alien of File Custody Review. If your asylum claim is determined and ICE does not effect your removal prior to the 90th day following the determination, a new POCR will be conducted.

Doc. 4-1, at 12-13.

On January 15, 2013, the Immigration and Naturalization Service (INS) determined that Williams did not have a credible fear of persecution or torture pursuant to 8 C.F.R. § 208.30 because there was no reasonable probability that the harm experienced and/or feared was on account of one of the five grounds for asylum, namely race, religion, nationality, political opinion, or membership in a particular social group. (Doc. 4-1, at 15.) On January 22, 2013, an Immigration Judge affirmed the decision of the INS and returned the matter to ICE for removal. (Id. at 18.)

A decision to continue detention was issued on January 31, 2013. At that time,

3

Williams was notified that he would remain in custody pending his removal from the United States and that he was required to demonstrate that he was making reasonable efforts to comply with the order of removal and that he was cooperating with ICE's efforts to remove him. (Doc. 4-1, at 20.) He was also informed that a travel document request was pending with the Consulate of St. Kitts-Nevis. (Id.) Jurisdiction of further custody decisions was transferred to the Headquarters Post Order Unit (HQPOU). (Id.)

The HQPOU conducted custody reviews on or about February 19, 2013, and May 13, 2013, and, on both occasions he was advised that he would not be released from custody "based on a review of your file record and/or personal interview and consideration of any information you submitted to ICE reviewing officials." (Doc. 4-1, at 22; Doc. 7, at 1.) In February, he was informed that the government of St. Kitts had not denied the issuance of a travel document and "therefore you are to remain in ICE custody." (Id. at 22.). Recently, he was advised that "[y]our removal to St. Kitts and Nevis is expected to occur in the reasonably foreseeable future once the litigation is complete; therefore you are to remain in ICE custody at this time." (Doc. 7, at 1.)

The instant petition was filed on March 27, 2013.

## II. Discussion

### A. Continued Detention

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to

4

remove an alien from the United States after his order of removal. Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. Detention during the ninety-day removal period is mandatory. See INA § 241(a)(2) (establishing that "[d]uring the removal period, the Attorney General *shall* detain the alien."). The statute also authorizes the Attorney General to continue detention of criminal aliens—*i.e.*, aliens ordered removed due to conviction of a crime—beyond the expiration of the ninety-day removal period if it is determined that the alien "is a risk to the community or unlikely to comply with the order of removal. . . ." INA § 241(a)(6). In the matter *sub judice*, Williams was removed as a result of an aggravated felony conviction. (Doc. 4-1, at 3.)

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court determined that INA § 241(a) authorizes detention after entry of an administratively final order of deportation or removal for a period that is "reasonably necessary" to accomplish the alien's removal from the United States. Id. at 699–700. Recognizing the practical necessity of setting a "presumptively reasonable" time within which to secure removal, the court adopted a period

5

of six months "for the sake of uniform administration in the federal courts. . . ." Id. at 701. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

It is Williams's position that "the 'removal period' began on August 12, 2012, and the removal period was not extended through judicial review, nor by any impending conduct of Williams. Hence, Petitioner's removal period is from August 12, 2012 until at least June 4, 2013, the date of this Reply, a period of approximately ten months, and in excess of the six (6) month constitutionally permissible period." (Doc. 5, at 5.) Conversely, respondent takes the position that the removal period began to run on January 22, 2013, when the immigration judge found that Williams's asylum claim had no merit and returned the matter to ICE for removal. (Doc. 4, at 6.) Thus, Williams's detention until April 22, 2013, was mandated by section 241.

Whether the removal period began to run on August 12, 2012, or January 4, 2013, the presumptively reasonable six month period has expired. However, the burden is on the alien

6

"to provide [ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. . . ." Zadvydas, 533 U.S. at 701. Once the alien meets this burden, the burden shifts to the government which must respond with sufficient evidence to rebut that showing. Id. Williams has failed to meet his burden. There is no indication in the record that St. Kitts -Nevis has refused to issue travel documents; it is still processing the request for them and Williams has failed to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701. At this time, continued detention remains reasonable.

Of course, "for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 533 U.S. at 701. Thus, if time passes with no progress on removal, Williams may file a new § 2241 petition challenging his continued detention, especially if specific events occur indicating he will not be removed in the reasonably foreseeable future.

B.    **Request for Stay of Removal**

Williams is also seeking the entry of an Order staying removal pending final disposition of his direct appeal to the United States Court of Appeals for the Second Circuit. Williams's request will be denied as moot based upon the Second Circuit's recent opinion in United States v. Williams, No. 11-4826-cr, 2012 WL 5302635 *2 (2nd Cir. Sept. 23, 2013) affirming the judgement of the district court. See Khodara Envtl., Inc. ex rel. Eagle Envtl.,

7

L.P. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001) ("Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies."); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the merit of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice.

An appropriate Order follows.

                                                          BY THE COURT:

                                                          s/James M. Munley
                                                          **JUDGE JAMES M. MUNLEY**
                                                          **United States District Court**

Dated:   October 4, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENFORD WILLIAMS,** | : | **CIVIL NO. 3:13-CV-0798** |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| **MARY SABOL,** *et al.,* | : | |
| Respondents | : | |

## ORDER

AND NOW, to wit, this 4th day of October 2013, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED without prejudice.

2. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court